IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALUE DRUG COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil No. 3:23-cv-00263 |
| ) | Judge Stephanie Haines |
| ONLY ONE HUB, INC. A/K/A ) | |
| ONLY ONE HUB D/B/A PRIMUS ) | |
| HEALTHCARE AND RICHARD ) | |
| HERSPERGGER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Plaintiff, Value Drug Company ("VDC") filed a Complaint in civil action in Blair County, Pennsylvania against Defendants Only One Hub, Inc. also known as Only One Hub doing business as Primus Healthcare ("OOH"), and against Richard Hersperger ("Hersperger"). Hersperger is described by VCD as the owner and Chief Executive Officer of OOH. OOH and Hersperger are collectively called "Defendants". Counsel for OOH accepted service of the Writ of Summons on behalf of Defendants. The Complaint was filed on September 25, 2023. On October 26, 2023, OOH filed a Notice of Removal with the United States District Court for the Western District of Pennsylvania (ECF No. 1) and the case was removed to this Court.

Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendants had seven days after notice of removal to respond to the Complaint. Neither OOH nor Hersperger timely responded. On November 6, 2023, VDC requested an entry of default against Defendants (ECF No. 5) and on November 13, 2023, the Clerk of Courts entered default against Defendants (ECF No. 7). On that same day Hersperger filed a Motion to Dismiss (ECF No. 8) and a Brief in Support of the Motion

(ECF No. 9).[1] Subsequently, on November 15, 2023, VDC filed a Motion for Default Judgment as to OOH (ECF No. 10). On that same day, OOH moved to dismiss for Failure to State a Claim (ECF No. 13).[2] Presently for the Court for consideration is VDC's Motion for Default and Default Judgment against OOH (ECF No. 10).

"[A]s a general matter this court does not favor defaults and that in a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." *Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir.1982). The Court realizes that VDC accommodated Defendants requests for extensions and Defendants still failed to file timely. ECF No. 10 ("On November 6, 2023, counsel for OOH requested that Value Drug refrain from filing additional documents to enter a default judgment against OOH until Friday, November 10, 2023. [VDC] agreed, provided that OOH file a response to Value Drug's Complaint by November 10, 2023.") Nevertheless, an analysis of an entry of default must be considered under the legal rubric followed by our courts. "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

First, this Court finds no prejudice is inflicted upon VDC if default is denied. This case is in its early stages and any time that has elapsed should not cause prejudice to the case. In addition, little time and expense has been incurred by either party thus far. Second, given that the litigation is in its early stages, it is difficult to determine whether Defendants have litigable defenses. But

---

[1] Hersperger's filing is deficient under the Local Rules and under the Court's rules. *See* LCvR 7.D; https://www.pawd.uscourts.gov/sites/pawd/files/Haines_Standing_Order.pdf
[2] OOH's filing is deficient under the Local Rules and the Court rules. *See* LCvR 7.D; https://www.pawd.uscourts.gov/sites/pawd/files/Haines_Standing_Order.pdf

at this point we know that both OOH and Hersperger are interested in presenting defenses and that is noteworthy. Third, to find culpability the Court must find Defendants "acted willfully or in bad faith". *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982). The Court does not think the record supports an inference of willfulness or bad faith on the part of Defendants. All three factors, as least to some degree, weigh in favor of Defendants and against an entry of default.

IT IS ORDERED that VDC's Motion for Default and Default Judgment (ECF No. 10) is hereby denied.

Dated: November 20, 2023

_____
Stephanie L. Haines
United States District Judge